IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS CASTRO PEREZ | § | |
| | § | |
| V. | § | 1:09-cv-00081-LY |
| | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE- INSTITUTIONAL | § | |
| DIVISION | § | |

_____

**OBJECTIONS TO REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On December 29, 2011, United States Magistrate Judge Andrew W. Austin entered a Report and Recommendation ("Report"), wherein he recommended that the relief sought by Petitioner Louis Castro Perez be denied.[1]  Petitioner requested two extensions to file objections to this Report and those agreed motions were granted.  Mr. Perez's objections are due on March 5, 2012.  Mr. Perez objects to portions of the Report as set out below and incorporates by reference the legal arguments in his Amended Petition and Reply previously filed.

**Claim Twelve**

In claim twelve, Mr. Perez asserts that the trial court erred in failing to sustain Mr. Perez's objection to the State's comment on his right to remain silent.  Mr. Perez maintains that his Fifth Amendment right to due process was violated when, on two separate occasions during closing argument, the prosecutor made reference to Mr. Perez's

---

[1] The Report and Recommendation will be cited as "Report" followed by the applicable page number.

1

silence between the time of his arrest and the time of his testimony.

Magistrate Judge Austin denied relief on this claim on the stated basis of (1) United States Supreme Court precedent and (2) the distinction that the prosecutor did not comment on Mr. Perez's right to testify but rather on Mr. Perez's credibility as a witness. Report 55-56. Respectfully, petitioner disagrees with Magistrate Judge Austin and provides the following in support.

### The Facts

Mr. Perez testified during the guilt-innocence phase of the trial. The relevant portion of Mr. Perez's testimony states:

> Q:  And did the officers come and arrest you?
> A:  Yes, they did. They pulled all around the store, and there was quite a few of them. I'm not sure how many. But I told [Mr. Turner][2] – I said, "They're here." And he goes, "Go with them and wait till I come and talk to you before you say anything." I said, "Yes, sir."
> Q:  And form that moment when he told you that to this you've not had an opportunity over the last year, based on your lawyers' advice, to tell anyone what really happened.
> A:  I have not said a word to anybody. It's been the most painful year of my life, not being able to say anything. Yes, I did leave that house, but I did not kill those people.

[21 TR. 150-151]

During closing arguments, the prosecutor referenced Mr. Perez's silence not once, but twice. The prosecutor stated, "Louis Perez got on the stand, got the chance to tell his story. A story ***it's taken him a year to come up with***." 22 TR. 79-80 (emphasis added). Later in his closing, the prosecutor stated,

---

[2] Mr. Turner was Mr. Perez's attorney at the time of the arrest with whom Mr. Perez on the phone when the police arrived. Mr. Perez recounts his telephone conversation with Mr. Turner at the time the police arrived in his testimony.

>And you know what?  This story up here, this was for mom.  This story wasn't for you.  This story was for mom.  Because he can't admit to her what he has done.  ***What he's done is he's worked for a full year on making up a story to try to fit the evidence***.

[22 TR. 85-86] (emphasis added).

Mr. Perez's counsel objected to the prosecutor's comments both times on the specific basis that the comments violated Mr. Perez's Fifth Amendment right to remain silent, but the trial court overruled the objections stating that "[t]he Court heard no such implication." 22 TR. 86.  Accordingly, the objection was properly preserved.  Notably, the objection was overruled on the stated and erroneous basis that the prosecutor's comments did not implicate Mr. Perez's constitutional right to remain silent.

## Legal Argument

### U.S. Supreme Court Precedent Directly Addresses Mr. Perez's Claim

One of the stated reasons that Magistrate Judge Austin denied Mr. Perez's claim twelve is that Supreme Court precedent does not support Mr. Perez's claim.  However, *Doyle v. Ohio,* 426 U.S. 610 (1976) directly addresses the issue in Mr. Perez's case.  The Report accurately restates the facts of *Doyle.*  In *Doyle,* the defendants were charged with selling marijuana and chose to remain silent post-*Miranda* warning.  At trial, the defendants testified and gave an exculpatory story that they had never told the police.  Over an objection, the defendants were cross-examined by the prosecution as to why they never told the police the exculpatory explanation.  The Supreme Court reversed the defendants' convictions and held that "the use for impeachment purposes of petitioners' silence, at the time of the arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment."  *Id.* at 619.  The Court explained that "***it***

***would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.*** " *Id.* at 618. (emphasis added).

In his Report, Magistrate Judge Austin fails to explain why *Doyle* is not applicable in Mr. Perez's case.  Instead, in regard to *Doyle,* the Report summarily states, "the Court declined to hold that post-arrest silence *could never* be used against a defendant" and quotes the following passage from *Doyle:*

> It goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict a defendant who testifies to exculpatory version of events ***and claims to have told the police the same version upon arrest***.  In that situation the fact of earlier silence would not be to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following the arrest.

*Doyle* at 619; Report at 52 (emphasis added).

The Report's quoted passage is not applicable to the facts in Mr. Perez's case and holds no relevance to Mr. Perez's claim. The circumstance contemplated by the *Doyle* court wherein post-arrest silence could be used against a defendant involves a defendant who later claims ***not*** to have remained silent between arrest and trial.  This scenario bears similarity at all to the present case and does not provide a basis to escape *Doyle's* holding.  The passage in the Report refers to a defendant who told a version of events to the police after arrest and "[i]n that situation the fact of earlier silence would not be used to impeach the exculpatory story, but to challenge the defendant's testimony as to his behavior following the arrest."  This fact scenario of post-arrest silence is not what happened in Mr. Perez's case.  To state it simply, Mr. Perez chose to exercise his right to remain silent until he testified at the trial.  During the trial, Mr. Perez said that he

4

followed his attorney's advice to remain silent and had not said anything to anybody until the trial.  Mr. Perez was within his constitutional right to remain silent until the trial, and the prosecutor used his silence against him and implied that his silence was evidence of guilt.  The prosecutor in Mr. Perez's case clearly used Mr. Perez's silence "to impeach an explanation subsequently offered at trial," which was the exact basis to reverse the defendants' convictions in *Doyle,* and more importantly, was the basis for the Supreme Court's holding that "the use for impeachment purposes of petitioners' silence. . . violated the Due Process Clause of the Fourteenth Amendment." *Doyle* at 619.

Magistrate Judge Austin's Report fails to distinguish *Doyle* from the facts in Mr. Perez's case because it cannot be distinguished: *Doyle* is directly on point.  Mr. Perez's choice to remain silent until he took the stand at trial cannot, based on well-established Supreme Court precedent, be used to impeach his testimony given at trial.  Based on the holding in *Doyle,* the prosecutor's comments during closing arguments were a clear violation of Mr. Perez's constitutional rights.

### The Prosecutor's Comments went Beyond Attacking Mr. Perez's Credibility as a Witness and Violated Mr. Perez's Constitutional Rights

The Report also relies on *Portuondo v. Agard,* 529 U.S. 61 (2000) to support its recommendation to reject Mr. Perez's claim number twelve.  However, *Portuondo* is not relevant to Mr. Perez's case.  In *Portuondo,* the prosecutor challenged defendant's credibility during summation, calling the jury's attention to the fact that defendant had the opportunity to hear all other witnesses testify and to tailor his own testimony accordingly. The trial court rejected respondent's objection that these comments violated his right to be present at trial.  The Supreme Court held that the prosecutor's comments

did not violate his Fifth and Sixth Amendment rights to be present at trial and to confront his accusers.  Following, as the Fourteenth Amendment claim was based on the burdening of the Fifth and Sixth Amendment claims, the Court held that the prosecutor's comments did not violate his Fourteenth Amendment rights.  None of these facts are applicable to the facts in Mr. Perez's case.

To begin with, *Portuondo* addresses the accused's right to be present at trial and the right to confront his accusers.  Neither of these rights is at issue in the present case.  That in and of itself renders the holding in *Portuondo* wholly inapplicable to this case, which involves a claimed violation of the Fifth Amendment right to remain silent.  Moreover, the Report mischaracterizes the prosecutor's comments as an attack on Mr. Perez's credibility and tries to use *Portunondo* to support this mischaracterization.  This is not correct.  The Report quotes *Portuondo* for the assertions that "his credibility may be impeached and his testimony assailed like that of any other witness" and "once a defendant takes a stand, he is 'subject to cross-examination impeaching his credibility just like any other witness.'"[3]  Report at 54.  If the prosecutor in Mr. Perez's case had only recounted the facts in Mr. Perez's testimony and summarized for the jury why his testimony was not credible there would be no constitutional violation.  However, the prosecutor did not stop at addressing the facts and credibility of Mr. Perez's testimony; instead, he went one step further and commented on Mr. Perez's right to remain silent and used his silence as evidence of guilt.

Next, the Report correctly states that the Supreme Court distinguished *Portuondo*

---

[3] In addition, the Report quotes *Jenkins v. Anderson,* 447 U.S. 231, 235-236 (1980), which is completely off-point.  *Jenkins* holds that a defendant's silence prior to a *Miranda* warning can be used by the prosecution to imply an admission.

6

from *Griffin v. California* 380 U.S. 609 (1965) pointing out that in *Griffin* the Supreme Court "prohibited comments that suggest a defendants' silence as 'evidence of guilt'" *Portoundo,* 529 U.S. 61 at 69 (quoting Griffin 380 U.S. at 615).  Here, the prosecutor at Mr. Perez's trial commented on Mr. Perez's right to remain silent, commented to the jury that Mr. Perez had remained silent for a year, and suggested that his silence was evidence of guilt.  The comments "Louis Perez got on the stand, got the chance to tell his story.  A story it's taken him a year to come up with" and "[w]hat he's done is he's worked for a full year on making up a story to try to fit the evidence" are attacks on his innocence by the fact that Mr. Perez remained silent until the trial.  Both *Doyle* and *Griffin* make it clear that such comments are unconstitutional.

Finally, Magistrate Judge Austin's determination that Mr. Perez "opened the door" to the prosecutor's comments lacks any basis in the record.  Mr. Perez's testimony that it had been the "most painful year of [his] life, not being able to say anything" did not open the door because this statement did not offer an explanation as to why he had remained silent, and did not invoke his prior silence as a means to bolster his testimony.  Instead, Mr. Perez simply states that the year following this traumatic event was "the most painful."  Mr. Perez's testimony of why he remained silent -- that he was following the advice of his lawyer – is squarely within his constitutional right and cannot be used as evidence of guilt by the prosecution.

For these reasons, Magistrate Judge Austin erred in recommending that the Court deny relief on Mr. Perez's claim that his Fifth Amendment rights to due process were violated.  The Court must, based on Supreme Court precedent, grant relief on this claim for Mr. Perez.

## CLAIMS FOURTEEN AND FIFTEEN

In claim fifteen Mr. Perez asserts that the DNA investigation conducted in this case *thirteen years ago* needs to be entirely redone because of new and expanding technology. Magistrate Judge Austin recommended denying this claim as moot because the Court already ruled on this matter in its Order Denying Perez's Request for Discovery issued on August 19, 2010. However, due to a recent opinion issued by the Texas Court of Appeals, Third District of Austin, petitioner respectfully submits that the claim should not be dismissed as moot and provides the following in support.

In *In re Michael Wayne Morton*, the Texas Third Court of Appeals reversed, in part, a district court's order and ordered forensic DNA testing under the Chapter 64 of the Texas Code of Criminal Procedure. Chapter 64 of the Texas Code of Criminal Procedure allows DNA retesting if the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. *In Re Morton*, 326 S.W.3d 634, 644 (Tex. App.- Austin) (2010). Here, Mr. Perez would be able to show by a preponderance of the evidence that he would not have been convicted of the crime had exculpatory results been obtained through DNA testing. At the crime scene, foreign DNA was present, but never identified. Of the three three possible murder weapons, none of the weapons had Mr. Perez's DNA or fingerprints. The DNA found on the victims was not a strong match to Mr. Perez. In addition to weak DNA evidence, Mr. Perez had no motive for the crime, no history of violent behavior and no witnesses to the crime were presented. Accordingly, Mr. Perez could readily show by a preponderance of the evidence that he would not have been

convicted if exculpatory results had been obtained through DNA testing. In light of the Texas Third Court of Appeals holing in *In Re Morton* and the advances in technology in DNA testing since Mr. Perez's trial in 1999, the Court should grant Mr. Perez's request and allow additional DNA testing and allow the DNA samples to be runt through the national CODIS database.

Mr. Perez has always maintained his innocence. As stated above, the State presented no witnesses to the crime, no viable motive, and the DNA evidence is very weak. In addition, Mr. Perez has no history of violence. The DNA testing would allow for a thorough examination of the forensic evidence with the benefit of advances in technology and would lead to exculpatory evidence.

For these reasons and the reasons presented in the Amended Petition, incorporated herein by reference, relief should be granted on Mr. Perez's claims fourteen and fifteen.

## CONCLUSION

For the reasons stated above, the Court should sustain these objections and Mr. Perez should be granted the relief requested in his petition.

        Respectfully submitted,

        /s/ Sadaf Khan
        Sadaf Khan
        Attorney for Petitioner
        Texas State Bar No. 24028983

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS CASTRO PEREZ | § § § | |
| V. | § § § | 1:09-cv-00081-LY |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE- INSTITUTIONAL DIVISION | § § § § | |

_____

### CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

THOMAS M. JONES
 Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX  78711
Phone:  (512) 936-1400
Fax:      (512) 936-1280

Email:  Thomas.jones@oag.state.tx.us


   /s/ Sadaf Khan
Sadaf Khan
Attorney for Petitioner
Texas State Bar No. 24028983