IN THE UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF TEXAS 2012 MAR 27 PM 4: 19
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| LOUIS CASTRO PEREZ, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CAUSE NO. A-09-CV-081-LY |
| | § | |
| RICK THALER, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT[1]. | § | |

## ORDER ON REPORT AND RECOMMENDATION

Before the court are Petitioner Louis Castro Perez's Amended Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. #15); Respondent's Answer (Doc. #23); and Petitioner's Reply (Doc. #30). The amended application was referred to the United States Magistrate Judge for findings and recommendations. *See* 28 U.S.C. § 636(b); Loc. R. W.D. Tex. Appx. C, 1. The Magistrate Judge signed his Report and Recommendation on December 29, 2011, by which he finds that Petitioner has failed to demonstrate that the state court's adjudication of any of Petitioner's claims "(1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determine by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (28 U.S.C. §2254(d)), and recommends that Petitioner's amended application for writ of habeas corpus be denied (Doc. #51).

---

[1] The previous named Respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

On March 5, 2012, Petitioner Louis Castro Perez ("Perez") filed his Objections to Report and Recommendation of the United States Magistrate Judge (Doc. #58). In light of the objections, the Court has conducted a *de novo* review of the entire case file in this action and concludes that the Magistrate Judge's Report and Recommendation is correct and should be approved and accepted by the Court for the reasons stated therein.

Perez's amended application raises 15 separate claims. In his objections to the Report and Recommendation, however, Perez challenges only the Magistrate Judge's findings as to claims 12, 14, and 15.

*Claim 12-Right to Remain Silent*[2]

Perez asserts that the Magistrate Judge's Report and Recommendation fails to properly distinguish United States Supreme Court precedent, including *Doyle v. Ohio*, 426 U.S. 610 (1976), arguing that the prosecutor's comments during closing arguments regarding the time it took Perez to come up with an alibi constituted an improper comment on Perez's right to remain silent until he testified at trial. This court disagrees. The Magistrate Judge's Report and Recommendation thoroughly addresses Perez's Fifth Amendment claim, clearly distinguishing the facts of this case from those in the case law proffered by Perez. As correctly noted by the Magistrate Judge, the Supreme Court in *Dolye* declined to hold that post-arrest silence could never be used against a defendant. *Id.* at 619 n. 11. The Magistrate Judge further distinguishes the facts of this case from those in *Doyle* by finding that the prosecutor's comments were not made to impeach Perez's decision to remain silent before trial, but instead were made in response to Perez's own testimony at trial regarding his opportunity to testify and to challenge Perez's credibility as a witness in relation to his

---

[2] Report and Recommendation IV F.

testimony regarding his whereabouts during the time in which the crime was committed. Perez's testimony at trial "opened the door" to the prosecutor's comments during closing argument regarding his credibility as a witness. *United States v. Martinez-Larraga*, 517 F.3d 258, 268 (5th Cir. 2008). Thus, the court will overrule Perez's objection to the Magistrate Judge's findings regarding claim 12.

*Claims 14 and 15-Actual Innocence and Request for DNA Investigation*[3]

Perez asserts that additional DNA testing not available before trial may reveal exculpatory evidence that would support his claim of actual innocence. Relying on a recent holding by the Texas Third Court of Appeals in *In Re Morton*, 326 S.W.3d 634 (Tex. App.–Austin, 2010), Perez argues that he could "readily show by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing." Perez's argument, however, fails to consider the significant evidence supporting his conviction presented a trial as noted in the Report and Recommendation. Further, the additional DNA testing requested by Perez was addressed by the Magistrate Judge in an order rendered before the Report and Recommendation, *see* Doc. #47, in which the Magistrate Judge noted that Perez's counsel agreed to withdraw Perez's motions requesting discovery in light of Respondent's argument regarding the unreliability of the DNA samples Perez sought to have tested a second time. Accordingly, Perez's objections regarding claims 14 and 15 will be overruled.

**IT IS THEREFORE ORDERED** that Petitioner Louis Castro Perez's Objections to the Report and Recommendation of the Magistrate Judge (Doc. #58) are **OVERRULED**.

---

[3] Report and Recommendation IV H-I.

**IT IS FURTHER ORDERED** that United States Magistrate Judge's Report and Recommendation (Doc. #51) is **APPROVED** and **ACCEPTED** by the Court.

**IT IS FURTHER ORDERED** that Petitioner Louis Castro Perez's Amended Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. #15) is **DENIED**.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

4

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S.

at 484). Accordingly, a certificate of appealability shall not be issued.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this _____ day of March, 2012.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE