IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS CASTRO PEREZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. A-09-CA-81-LY |
| | § | Death penalty case |
| RICK THALER, Director, Texas | § | Dist. Judge Lee Yeakel |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## RESPONDENT THALER'S OPPOSITION TO PETITIONER'S MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

This is a federal habeas corpus proceeding in which Perez, a Texas death-row inmate, challenged his conviction and sentence. *See* U.S.C. § 2254 (West 2012). On March 27, 2012, this Court entered judgment denying Perez's Amended Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF[1] No. 60.) The deadline for his filing a notice of appeal was April 26, 2012. Fed. R. App. P. 4(a)(1)(A). He has yet to file such notice. On June 25, 2012, however, he filed a motion invoking Rule 4(a)(6) of the federal appellate rules. (ECF No. 61.) He asks this Court to reopen the time in which to file a notice of appeal. This Court should his deny his request.

Rule 4(a)(6) allows a district court to reopen the time to file a notice of appeal but only if the movant meets three conditions. First, the movant must file

---

[1] "ECF" refers to the documents filed in the district court's electronic case filing system followed by the document number.

the motion within 180 days after judgment or within seven days after notice of that judgment is received, whichever is earlier. Fed. R. App. P. 4(a)(6)(A). Second, he must show that he was entitled to notice of judgment but did not receive notice within twenty-one days of entry. Fed. R. App. P. 4(a)(6)(B). Third, no party may be prejudiced by a reopening of the time for filing a notice of appeal. Fed. R. App. P. 4(a)(6)(c). Because Perez fails to satisfy the first two requirements, his motion should be denied.

Perez argues that he failed to file a notice of appeal because his counsel did not notify him of the Court's March 27, 2012 judgment timely. In an affidavit attached to Perez's motion, counsel says that she failed to send a copy of the judgment to Perez until June 25, 2012. (ECF No. 61-1 at 2, para. 8.) Although counsel does not state expressly when she received notice of the judgment, the records of this Court show that counsel was served with the judgment through the Court's electronic filing (CM/ECF) system on March 27, 2012, the date judgment was entered. (ECF No. 60 (automatic e-mail message generated by CM/ECF system).)

Perez is deemed to have notice of facts of which his attorney has notice. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92–93 (1990); *Wilkens v. Johnson*, 238 F.3d 328, 332 (5th Cir. 2001); *Ark. Oil & Gas, Inc. v. Comm'r of Internal Revenue*, 114 F.3d 795, 799 (8th Cir. 1997); *Vahan v. Shalala*, 30 F.3d

102, 103 (9th Cir. 1994). In this case, because counsel received notice of the Court's judgment within twenty-one days of entry, Perez himself received notice timely.

For the purposes of Rule 4(a)(6), Perez's failure to receive notice of entry of judgment personally until after June 25, 2012, is immaterial. *See Herrera v. I.N.S.*, 2 F. App'x 603, 604 (8th Cir. 2001) (notice of judgment to counsel constituted notice to inmate for purposes of Rule 4(a)(6)) (unpublished per curiam opinion). Perez had notice that judgment had been entered some ninety days before this motion was filed. *See Wilkens*, 238 F.3d at 331 (Rule 4(a)(6) not satisfied where motion filed more than seven days after notice of judgment received by attorney). Rule 4(a)(6) does not apply, and this Court has no authority to reopen the time for filing a notice of appeal.

Perez argues that a medical condition prevented counsel from timely notifying him. First, for purposes of Rule 4(a)(6), the client did not need to be notified personally. Second, medical conditions can be accommodated within the rules. If counsel could demonstrate "good cause" for her tardiness, she could have filed a motion for extension of the thirty-day time period under Rule 4(a)(5) of the appellate rules at any time before May 28, 2012. The equitable power of this Court to accept a late-filed notice of appeal is limited, however, to the "excusable neglect" provision of Rule 4(a)(5), and that provision expired before Perez filed

this motion. *Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002). Equity is no longer a part of the equation.

## CONCLUSION

Perez's motion to reopen the time to file a notice of appeal should be denied.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division


 /s/ Thomas M. Jones
THOMAS M. JONES*
Assistant Attorney General
Postconviction Litigation Division

State Bar No. 00784357

P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Ph.: (512) 936-1400
Fax No.: (512) 936-1280
E-mail:
Thomas.Jones@texasattorneygeneral.gov

ATTORNEYS FOR RESPONDENT

*Attorney-In-Charge

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Alexander L. Calhoun
Law Office of Alexander Calhoun
4301 W. William Cannon Drive, Suite B-150, No. 260
Austin TX 78749
Email: alcalhoun@earthlink.net

Sadaf Khan
Law Office of Sadaf Khan
P.O. Box 4777
Austin TX 78765
Email: sadaf.delaune@gmail.com

                                         /s/ Thomas M. Jones
                                         THOMAS M. JONES
                                         Assistant Attorney General